United States District Court
for the
Western District of North Carolina

| | |
|---|---|
| T2 Products, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:14cv193 |
| | ) |
| Advantus Corp., | ) |
| | ) |
| Defendant. | ) |

# Complaint for Declaratory Judgment

## Nature of Action

1. This is a declaratory judgment action for a declaration that certain actions taken by T2 Products do not constitute false advertising under 15 U.S.C. § 1125(a).

## The Parties

2. Plaintiff T2 Products, LLC ("T2 Products") is a limited liability corporation with its principal place of business at 144 Talbert Point Drive, Mooresville, North Carolina 28117. T2 Products also does business as T2 International. Among other things, T2 Products sells pool floats to various customers, including Costco Wholesale Corporation.

1

3. On information and belief, Defendant Advantus Corp. ("Advantus") is a corporation with its principal place of business in Jacksonville, Florida.

## Jurisdiction

4. This Court has subject matter jurisdiction under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332, 1338(a), 2201, and 2202 as the matter in controversy: (1) is a federal question, (2) exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states, and (3) relates to trademarks.

5. Personal jurisdiction is based upon Federal Rule of Civil Procedure 4(e) and the North Carolina Long-Arm Statute, N.C. Gen. Stat. § 1-75.4.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2).

## Background Facts

7. In March 2013, Advantus Corp. sued T2 Products, alleging infringement of U.S. Patent No. 8,167,672. The parties settled their dispute shortly thereafter.

8. After settling their dispute, T2 Products modified one of its pool floats—the Maggie Blue™ pool float—such that the pool float would not fall within the claims of the patent or the terms of the resulting settlement between the parties.

9. On information and belief, upon learning that T2 Products had modified its Maggie Blue™ pool float, Advantus confirmed that the modified pool float did not fall within the claims of the patent or the terms of the resulting settlement between the parties.

10. Thereafter, on April 11, 2014, Advantus, through its counsel, sent a letter to T2 Products alleging that T2 Products had engaged in false advertising in violation of 15 U.S.C. § 1125(a). In its letter, Advantus also reminded T2 Products that it had previously brought suit against T2 Products, and was prepared to do so again. Advantus concluded the letter by stating that "if an acceptable remediation plan is not in place within seven (7) days of the date hereof, Advantus will file suit." A copy of the April 11, 2014 letter from Advantus' counsel is attached as Exhibit 1.

11. T2 Products has reviewed its Maggie Blue™ pool float and associated packaging and denies that the sale of the product and associated packaging constitutes false advertising. T2 Products continues to sell its Maggie Blue™ pool float.

12. Thus, an actual controversy exists between the parties regarding whether T2 Products' sale of the modified Maggie Blue™ pool float constitutes false advertising under 15 U.S.C. § 1125(a).

13. T2 Products seeks a declaratory judgment that the actions as specified above do not constitute false advertising under 15 U.S.C. § 1125(a).

WHEREFORE, Plaintiff T2 Products prays for the following relief:

A. That the Court enter an Order declaring that T2 Products' actions as set forth above do not constitute false advertising under 15 U.S.C. § 1125(a);

B. That the Court award T2 Products its attorneys' fees, costs, and expenses in this action; and

C. That the court grant such other and further relief as the court may deem just and proper.

Respectfully submitted, this 19th day of April 2014.

s/Albert P. Allan
Albert P. Allan
N.C. Bar No. 18882

Attorney for Plaintiff T2 Products, LLC

ALLAN LAW FIRM, PLLC
409 East Boulevard
Charlotte, North Carolina 28203

(e) alallan@allaniplitigation.com
(t) 704-371-5605
(f) 704-372-7411